NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEREMY CRUMP, individually and on behalf of a Class of others similarly situated, | : : : : : | |
| Plaintiff, | : : : | Civil Action No. 2:14-2365(WHW)(CLW) |
| v. | : : : | |
| PASSAIC COUNTY, PASSAIC COUNTY SHERIFF'S OFFICE, RICHARD H. BERDNIK, both Individually and in his official capacity as Sheriff of Passaic County and MICHAEL TOLERICO both individually and in his official capacity as Warden of the Corrective Services Division of the Passaic County Sheriff's Office, | : : : : : : : : : : : : | OPINION AND ORDER |
| Defendants. | : : | |

**WALDOR, United States Magistrate Judge**

This matter comes before the Court upon a motion filed by the Plaintiff, Jeremy Crump ("Plaintiff"), for leave to amend his original complaint pursuant to FED. R. CIV. P. 15(a). ("Motion to Amend," ECF No. 13). Defendants Passaic County, Passaic County Sheriff's Office, Richard H. Berdnik in his official capacity as Sheriff of Passaic County, and Michael Tolerico both individually and in his official capacity as Warden of the Corrective Services Division of the Passaic County Sheriff's Office ("Defendants") have opposed the motion in its entirety. ("Opposition," ECF No. 14).

1

The Court resolves this Motion on the papers without oral argument pursuant to Local Rule 78.1(b). Having considered the parties' submissions and for the reasons set forth below, the Plaintiff's motion is hereby **GRANTED**.

## I.     BACKGROUND

This is a class action lawsuit arising out of the alleged deprivation of the Plaintiff's rights stemming from his being strip searched on three separate occasions at the Passaic County Jail, without his intended consent, after being arrested for failing to pay child support. On April 11, 2014 the Plaintiff filed a class action complaint ("Complaint," ECF No. 1) with the United States District Court for the District of New Jersey bringing the present action on behalf of himself and those who were "placed into custody of the Passaic County Jail after being charged with non-indictable offenses (such as disorderly persons offenses, traffic infractions and/or civil commitments) and were strip-searched upon their transfer and entry into the Passaic County Jail." Id. at ¶17. The Plaintiff alleges that all members of this class "had their right to be free from unreasonable searches violated by [the] Defendants conducting strip searches absent reasonable and particularized suspicion." Id. at ¶21. The Plaintiff contends that he, and all members of the class, were charged with minor offenses and "civil matters" when placed into the custody of the Passaic County Jail, and all were "illegally strip searched in violation of the established law in this judicial circuit." Id.

The Plaintiff has structured his Complaint upon two causes of action. The first of which alleges that the Defendants violated the United States and New Jersey Constitutions "under the color of state law for unreasonable searches and failure to implement policies and practices to avoid constitutional deprivation under color of state law." Id. at 16. Specifically, this cause of action alleges violation of the Fourth Amendment of the United States Constitution, as enforced

2

under 42 U.S.C. §1983, and Article 1, ¶7 of the New Jersey Constitution, as enforced by the New Jersey Civil Rights Act ("NJCRA"), the New Jersey Statutes Annotated ("N.J.S.A.") 10:6-2(c), as well as the "New Jersey Strip Search Statute," N.J.S.A. 2:A:161A-1. Id. at 18. The second cause of action asserts that the Defendants violated the Plaintiff's statutory rights under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 *et seq.*. Id. at 18.

The Defendants filed their answer ("Answer," ECF No. 5) on September 5, 2014 denying the Plaintiff's claims and raising 56 of their own affirmative defenses. On November 14, 2014, the Defendants filed a Motion for Judgment on the Pleadings (ECF No. 7). In that Motion the Defendants argued that the Plaintiff's Complaint is "predicated on a demonstrably false assumption as to defendants' strip search policy" and that this "detailed policy is fully consistent with New Jersey and federal law." Id. at 1.

The Plaintiff filed a Notice of "Cross-Motion to Amend Complaint" on December 23, 2014 (ECF No. 13). The Plaintiff accompanied this notice with a "Memorandum in Opposition to Motion to Dismiss and in Support of Cross-Motion for Motion to Amend" and its accompanying attachments. Id. On January 12, 2015, the Defendants filed their Reply Brief ("Reply Brief" ECF No. 14) contesting both the Plaintiff's opposition to the Defendants' Motion for Judgment on the Pleadings, and the Plaintiff's Motion for Leave to File an Amended Complaint. This Opinion and Order pertains only to the Plaintiff's Cross-Motion to Amend.

## II. DISCUSSION

The governing standard under Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). That standard has been met here. The proposed amended complaint seeks to remove reference to 42 U.S.C. § 1981, remove the Sheriff's Department as a party, provide further factual detail with regard to the conditions and terms under

3

which the Plaintiff was searched, and clarify the Plaintiff's state law claims under the New Jersey Strip Search Statute and the New Jersey Constitution Art. 1 ¶7 from the Plaintiff's Fourth Amendment claims.  See Motion to Amend at 8.

As will be discussed below, the Defendants have presented a series of arguments as to why the Plaintiff's Motion to Amend should be denied as futile.  These arguments are based on the well-established Third Circuit law that a motion to amend may be denied "on the grounds of bad faith, undue delay, prejudice, or futility."  Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

"In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation and quotation omitted).  Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  While detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, "a pleader's obligation to provide the grounds of his entitlement to relief requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action" and requires that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555; see Showalter v. Brubaker, Civ. No. 07-2950, 2008 WL 2397528, at *1 (3d Cir. June 13, 2008); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the Twombly pleading standard requires that "factual allegations must be enough to raise a right to relief above the speculative level and, to state a claim,

the complaint [must embody] . . . enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement but instead calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.").

When examining the sufficiency of a litigant's pleading under Rule 12(b)(6), this Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

    a. Plaintiff's Motion to Amend

In making his claims, the Plaintiff's relies heavily on the United States Supreme Court's decision in Florence v. Board of Chosen Freeholders of Cnty. of Burlington, et al. 132 S.Ct. 1510 (2012). While the Third Circuit has recently interpreted Florence to hold that it is constitutional to conduct a full strip search of an individual detained in the general population of a jail, regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something; several federal courts, including this one, have interpreted Justice Alito's concurrence in Florence as creating an exception to this rule. Small v. Wetzel, 528 F. App'x 202, 207 (3d Cir. 2013); see also Haas v. Burlington County 955 F.Supp.2d 334, 342 (D.N.J. 2013); see, e.g., Ellsworth v. Wachtel, 2013 WL 140342, at *5 (N.D.N.Y. Jan. 11, 2013) (observing that "[t]he Majority in Florence (along with both Concurrences and the Dissent) emphasized that this was a narrow holding and that the rule announced therein might not apply to arrestees who were not going to be introduced to the general jail or prison population" and finding Florence did not govern the strip search at issue because the plaintiff was not searched prior to her introduction into a general jail population, thus bringing the search with the exception); Banaei v. City of Evanston, 2012 WL 4892414, at *4 (N.D.Ill. Oct. 11, 2012) (noting in dicta that Florence did "not decide the

5

question of whether an arrestee who has not first been before a judge or magistrate and who is not being placed with other inmates may be strip searched as a matter of routine practice.")

In his concurrence in Florence, Justice Alito states that "[t]he Court does not hold that it is always reasonable to conduct a full strip search of an arrestee whose detention has not been reviewed by a judicial officer and who could be held in available facilities apart from the general population." Florence at 1524.

The Plaintiff, in his Motion to Amend, and in his proposed amended complaint, asserts that he was a pre-trial detainee, being held on a non-indictable offense (failing to pay child support) and was strip searched upon admission into the jail without introduction into the general population. See Motion to Amend at 9. The Plaintiff argues that he, as well as the proposed other members of the class, "falls within the exception recognized in Florence," and that their rights were violated when they were strip searched upon entry at the Passaic County Jail. Id. at 9, 18. He seeks to amend his complaint so as to "make clear that Passaic County's public-setting strip search practice is beyond doubt illegal and unconstitutional," arguing that "there was no legal or valid consent to being strip searched," and to establish that "the class period commencement date is appropriately set back to September 5, 2007." See Motion to Amend at 2.

      b.  Defendants' Arguments in Opposition to the Motion to Amend

The Defendants rely on several arguments to buttress their claim of futility in opposition the Motion to Amend. Their first argument is that the Plaintiff's claims are based on bare legal conclusions, "not plausible on their face." Reply Brief at 21-23. As the Defendants point out, the federal rules maintain that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants is liable for the misconduct alleged." Id. at 22-23, citing Fed. R. Civ. P. 8(a)(2).

6

The Fourth Amendment, applicable to the states through the Fourteenth Amendment, "protects individuals against unreasonable searches of their persons, homes, and effects" and guarantees "the right to be free from unreasonable searches of one's unclothed body." Stanley v. Henson, 337 F.3d 961, 963 (7th Cir.2003). The relevant test for ascertaining the reasonableness of a search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Bell v. Wolfish, 441 U.S. 520, 559 (1979). In applying this balancing test, the Court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559.

The factual circumstances surrounding the searches of the Plaintiff's body, as alleged in the Complaint and proposed amended complaint, raise plausible, substantive questions as to the reasonableness and necessity of those searches. Only further factual discovery into the circumstances and nature of the searches performed will reveal whether in fact these acts were reasonable. The Plaintiff's allegations are not bare legal conclusions, and are plausible on their face.

The record also does not substantiate Defendants' second argument that the Motion to Amend was submitted with "sham allegations, manufactured simply to meet Defendants' arguments in support of their pending motion." Reply Brief at 23-24. The Defendants' arguments analogizing the Plaintiff's proposed amended complaint to "sham…groundless affidavits…submitted to improperly avoid disposition of a pending dispositive motion" are unsupported, and fail to warrant the denial of the present motion. To the contrary, the Plaintiff's Motion to Amend was filed in a timely manner, approximately eight months after the filing of the

7

initial complaint, and has been put before this Court without any showing of bad faith, as defined by the federal rules. See Fed. R. Civ. P. 56(h).

The Defendants' third argument, that the Plaintiff's proposed amended complaint is insufficient as a matter of law, is also unavailing. Reply Brief at 25-32. The Defendants' allege that through his proposed amended complaint the Plaintiff is attempting to "shift" ground in "four transparent, and specious, ways" from the core claims in his Complaint. Id. at 26. The Defendants allege that the Plaintiff: (1) has "manufactured a sensational story about where he was strip searched;" (2) is inaccurately describing the Defendants' search reporting policy; (3) has presented conflicting information regarding the Defendants' strip search policies, practices and customs; and (4) that the circumstances surrounding the Plaintiff's signing of search consent forms has been inconsistently alleged. Id.

The federal rules allow for liberal amendments to pleadings. The rationale for this stems from the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Each of the four "shifts" noted by the Defendants directly rely on factual allegations made by the Plaintiff. For the purposes of the motion at hand, these facts are interpreted under the assumption that they are true (even if doubtful in fact), and it is through this lens that the Plaintiff has sufficiently raised a right to relief "above the speculative level" so as to allow him to amend his complaint. See Twombly, 550 U.S. at 555.

The Defendants' next argue that the Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted under New Jersey or Federal Law, "significantly" because

the Plaintiff has failed to comply with the requirements of New Jersey Local Civil Rule 24.1(b), as pertains to giving notice of claim regarding unconstitutionality.  <u>Reply Brief</u> at 32-35.

Rule 24.1(b) "Notice of Claim of Unconstitutionality" states:

> (b) If, at any time prior to the trial of an action in which neither the State of New Jersey nor any officer, agency or employee thereof is a party, a party to the action questions the constitutionality of any State statute, such party (to enable the Court to comply with 28 U.S.C. §2403(b)) shall forthwith, upon the filing of any pleading which raises the question, notify the Judge to whom the action is assigned, in writing, of the existence of said question identifying: (1) the title and docket number of the action; (2) the statute challenged; and (3) why it is claimed that the statute is unconstitutional. If memoranda have been served discussing the constitutional question, two copies of each memorandum shall be forwarded with the notification.

Through the filing of his Complaint the Plaintiff has made this Court aware of his arguments with regard to what he perceives to have been violations of the New Jersey and United States Constitutions, however, neither the Plaintiffs Complaint nor his proposed amended complaint raise arguments that question the constitutionality of any State statute, as is the focus of Local Rule 24.1(b).

The Defendants do not provide any proof to support their claim that "the plaintiff is challenging the constitutionality of the New Jersey strip search statute." <u>See</u> <u>Reply Brief</u> at 32. The closest the Plaintiff gets to raising such an argument is in paragraph 26 of the Complaint, and paragraph 27 of the proposed amended complaint, in which he states with regard to his class action allegations "[c]ommon questions of law and fact exist as to all members of the class…including…whether the Defendants' written and/or de facto policies and/or practices of strip searching all individuals charged with non-indictable charges or violations or civil matters as defined in Paragraph 17 when transferred to and/or placed into detention and/or the custody of the Passaic County Jail is a violation of the Fourth and Fourteenth Amendments to the United States

Constitution, the New Jersey Constitution…." This common question of law and fact does not directly question the constitutionality of a State statute.

Nonetheless, states have wide authority to set up their state and local governments as they wish. See McMillian v. Monroe Cnty., Ala., 520 U.S. 781, 795 (1997). In New Jersey, the sheriff's office is referred to by name in the Constitution only in connection with the manner of his election (by the people of the county at general election) and the term of office (three years). See N.J. Const. of 1947, art. 7, § 2, ¶ 2. As the New Jersey Supreme Court has noted, this language "hardly lends support to the contention that the sheriff cannot, for purposes of the statute under review, be considered a part of the county structure, or that he must be looked upon as a state employee exclusively." Application of Burlington Cnty. Bd. of Chosen Freeholders, 99 N.J. 90, 98 (1985); see also Ciarocco v. Bergen Cnty., 2005 WL 3991932, at *6 (N.J. Super. Ct. App. Div. May 11, 2006). Rather, in New Jersey, sheriffs "serve two masters," their counties and the state, depending on what function they are performing. Id.

Other than providing a recitation of Local Civil Rule 24.1(b), the Defendants have not offered any evidence or concrete arguments as to how this rule has been violated. The Plaintiff has properly served a Civil Summons and Complaint (ECF No. 2) against the Sheriff of Passaic County in his professional capacity. Therefore, even if the Plaintiff were to have raised arguments that question the constitutionality of a State statute, the Plaintiff has satisfied the requirements of Local Civil Rule 24.1(b).

Finally, the Defendants' argue that the claims asserted against the individual defendants are futile as they should be dismissed on qualified immunity grounds. Reply Brief at 35-36. "Qualified immunity by definition relies on the notion of good faith, and is an affirmative defense in actions pleaded under the Constitution and laws of the United States, including 42 U.S.C.

§1983," from which the New Jersey Civil Rights Act was modeled.  See Williams v. New Jersey Div. of State Police, No. CIV. 10-3478 DRD, 2012 WL 1900602, at *13 (D.N.J. May 24, 2012) (citing Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)).  Government officials are entitled to qualified immunity in the performance of their discretionary duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. at 818 (1992). The determination of whether an officer is entitled to qualified immunity involves a two-prong test: (1) the Court has to determine if the officer violated a "clearly established" constitutional right; and (2) whether a reasonable officer would have known that his/her actions deprived the Plaintiff of that "clearly established" right. Pacheco v. Passaic Police Dep't, No. 2:12-CV-06929 JLL, 2014 WL 1545221, at *7 (D.N.J. Apr. 2, 2014); see also Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005).  The Plaintiff's proposed amended complaint does raise sufficient questions of fact as to whether the individual named defendants had knowledge and involvement with the bodily searches alleged in the complaint.  As, at this point in the litigation, the individual defendants could still be found to have played a role in the Plaintiff's constitutional rights being violated, and therefore have not yet become entitled to qualified immunity as a defense.

As neither undue delay, bad faith or dilatory motive, nor futility appear to be at issue with the present motion, there exist no impediments to this Court granting the Plaintiff leave to amend his complaint.

### III.    CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Amend is hereby **GRANTED**.

It is hereby ORDERED that, within ten (10) days of the date of this Order, the Plaintiff shall file and serve an Amended Complaint as set forth above.

The Clerk of the Court is directed to terminate Docket No. 13 as it pertains to the Plaintiff's Motion to Amend.

**SO ORDERED.**

<u>s/ Cathy L. Waldor</u>
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
